## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANELLE LAWSON, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| RESOURCES FOR HUMAN | : | |
| DEVELOPMENT, INC., | : | **No. 21-2394** |
| *Defendant* | : | |

### <u>MEMORANDUM</u>

PRATTER, J.                                                    NOVEMBER *30*, 2021

Christopher A. Macey, Esquire, of Bell & Bell LLP, has moved to withdraw as counsel for Jeanelle Lawson, the plaintiff in this employment-discrimination case. According to Mr. Macey, Ms. Lawson has not responded to his or his firm's emails or phone calls for months, thus making his firm's representation of her "impossible." Doc. No. 9-2, at 1.

Counsel may not withdraw from a case and leave his client unrepresented "except by leave of court." E.D. Pa. R. Civ. P. 5.1(c). For the most part, counsel "should not accept representation in a matter unless it can be performed … to completion." Pa. R. Prof. Conduct 1.16 cmt. 1. There are, of course, exceptions. For example, counsel may withdraw if a client has made the representation "unreasonably difficult." 204 Pa. Code § 1.16(b)(6).

The Court has broad discretion to permit counsel to withdraw. *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). The Court considers several factors:

- Why does counsel seek to withdraw?

- Will the withdrawal prejudice the client?

- Will withdrawal delay the resolution of the case?

- Will the withdrawal harm the administration of justice?

*Greene v. Rubin*, No. 95-cv-2415, 1995 WL 723188, at *1 (E.D. Pa. Dec. 5, 1995).

*Good cause.* Mr. Macey claims he has good reason to withdraw because, as he describes it, Ms. Lawson has failed to participate in her litigation. Clients have a duty to stay involved; it is, after all, the client's lawsuit. That means that a client's repeatedly failing to respond to counsel who needs the client's input for things like discovery or strategic decisions can count as good cause. *See Singleton v. Merline*, No. 07-cv-975, 2009 WL 10676638, at *3, 5 (D.N.J. Aug. 27, 2009) (good cause to withdraw as counsel where counsel had sent "numerous letters" to no answer, some letters had been marked "undeliverable," and client was a fugitive). But the client's silence must actually impede the case to the point that the lawyer cannot do his job.

Mr. Macey says that is the case here. He and his paralegal repeatedly called and emailed Ms. Lawson over the course of two months, to no avail. He even reached out to her emergency contact, again to no avail. Left with silence, Mr. Macey responded to the defendant's pending discovery requests, he represents, to the best of his ability based on the information he already had before him. But without further information from Ms. Lawson, discovery cannot finish, nor can the case proceed to dispositive motions.

Counsel cannot continue a case forever without receiving information from his client, much less guidance about the scope of the case and the claims. *See* Fed. R. Civ. P. 11(b); 204 Pa. Code § 1.4(2). Because Ms. Lawson has made her representation "unreasonably difficult," the Court finds that Mr. Macey has good cause to withdraw. 204 Pa. Code § 1.16(b)(6).

*Prejudice.* Mr. Macey asserts that Ms. Lawson will not be prejudiced by his firm's withdrawal. If Bell & Bell withdraws, Ms. Lawson must either represent herself or engage new counsel. Based on his communications with her, Mr. Macey believes that Ms. Lawson is of sufficient mind to represent herself. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). Further, Ms. Lawson has not claimed that she will be prejudiced. Indeed, though directed to do so by the

Court's order, sent to her by Mr. Macey, Ms. Lawson did not appear at the hearing on the withdrawal motion or file a written objection. Thus, the Court finds that Ms. Lawson would not be unduly prejudiced by the withdrawal.

*Delay.* This case is nearing at least the halfway mark. Though fact discovery is nearing its scheduled end, dispositive motions are not due until the end of January. No doubt, permitting Mr. Macey to withdraw could set the case back a bit, for Ms. Lawson would almost certainly need an extension to hire new counsel, if desired, and finish discovery. But this Court can grant a short extension without imposing "a *significant* delay" and prejudicing the defendant. *Greene*, 1995 WL 723188, at *1; *cf. Chester v. May Dep't Store Co.*, No. 98-cv-5824, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000) (refusing request to withdraw where trial was just around the corner). Thus, the Court finds that counsel's withdrawal now will not unduly delay the case.

*Administration of Justice.* The Court is hesitant to leave Ms. Lawson without counsel without hearing from Ms. Lawson herself. But Ms. Lawson has had plenty of notice that her counsel sought to withdraw, and yet she did not appear at the hearing or even respond to the motion. Parties must stay involved in their cases. If they do not, the Court will not force counsel to proceed without guidance. "Reasonable communication between the lawyer and the client is necessary for the client … to [effectively] participate in the representation"—and for counsel to do his job. Pa. R. Prof. Conduct 1.14 cmt. 1. Therefore, the Court finds that the administration of justice does not foreclose withdrawal.

Finding that each factor favors withdrawal, the Court exercises its discretion to permit Mr. Macey and Bell & Bell to withdraw from this case. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE